UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **KENNETH STOKLEY,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO.: _____ |
| § | |
| **ALLSTATE TEXAS LLOYD'S,** § | |
| § | |
| Defendant. § | |

**DEFENDANT ALLSTATE TEXAS LLOYD'S NOTICE OF REMOVAL**

Defendant Allstate Texas Lloyd's files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(a) and shows as follows:

### I.   INTRODUCTION

1. This is an insurance coverage and bad faith case. On June 6, 2019, Plaintiff filed his Original Petition in Cause No. 2019-DCV-2852-C in the 94th Judicial District Court of Nueces County, Texas, initiating a civil cause of action against Defendant. Exhibit D.

2. Removal is based on diversity jurisdiction because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between Plaintiff and Defendant.

3. Plaintiff alleges multiple causes of action against Defendant related to its handling of a property insurance claim submitted by Plaintiff. Plaintiff specifically alleges breach of contract; non-compliance with Chapter 542 of the Texas Insurance Code; and non-compliance with Chapter 541 of the Texas Insurance Code and "bad faith." Plaintiff further alleges that Defendant's conduct was committed "knowingly" as that term is defined in the Texas Insurance Code. Plaintiff seeks "monetary relief over $100,000 but not more than $200,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees." Exhibit D at ¶ 4.

**DEFENDANT'S NOTICE OF REMOVAL**

PAGE 1

119991180.1

4. Allstate received the Citation and Plaintiff's Original Petition by process server on or about June 20, 2019. Allstate filed its Original Answer to Plaintiff's Original Petition on July 15, 2019. Exhibit F.

5. Allstate now files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing Notice of Removal with the Nueces County state court in which this case was previously pending.

## II. GROUNDS FOR REMOVAL

6. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the parties involved are citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

### A. Complete Diversity Exists Between the Viable Parties.

7. According to Plaintiff's Original Petition, at the time this action was commenced, Plaintiff was, and still is, domiciled in Nueces County, Texas. In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship. *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564 (5th Cir. 2011). A person's state of domicile presumptively continues unless rebutted with sufficient evidence of change. *Id.* "Evidence of a person's place of residence…is prima facie proof of his domicile." *Id.* (citations omitted). Furthermore, once established, "[a] person's state of domicile presumptively continues unless rebutted with sufficient evidence of change." *Id.* Thus, for purposes of diversity of citizenship, Plaintiff is considered a Texas citizen.

8. Allstate Texas Lloyd's is a Lloyds plan, an entity engaged in the business of writing insurance on the Lloyds plan. The Lloyds plan is an unincorporated association, which is considered to have the citizenship of its members, the underwriters. Allstate Texas Lloyd's was, and at the date of this Notice, remains, an association of underwriters whose individual underwriters are all

residents and citizens of the States of Illinois and New Jersey.[1] The United States Supreme Court has consistently held for over one hundred years that the "citizenship of an unincorporated association [such as Allstate] is determined…solely by the citizenship of its members." See *Massey v. State Farm Lloyds Ins. Co*. 993 F. Supp. 568, 570 (S.D. Tex. 1998); see also *Gore v. Stenson*, 616 F. Supp. 895, 898-899 (S.D. Tex. 1984). The underwriters for Allstate Texas Lloyd's, all reside outside the State of Texas and have continuously resided outside the State of Texas from January 1, 2009 to the present.

    **B.**    **The Amount in Controversy Exceeds $75,000.**

9.    Additionally, the claims asserted by Plaintiff exceed $75,000. Plaintiff seeks "monetary relief over $100,000 but not more than $200,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees." Exhibit D at ¶ 4. Thus, should Plaintiff prevail on his claims herein, the damages potentially to be awarded exceed $75,000 on their face.

### III.    VENUE

10.    Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the 94th Judicial District Court of Nueces County, Texas, and a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in that district.

---

[1] An Affidavit affirming the residency of the Underwriters will be supplemented.

**DEFENDANT'S NOTICE OF REMOVAL**

## IV. PROCEDURAL REQUIREMENTS

11. Pursuant to 28 U.S.C. § 1446(a), the following exhibits are attached and indexed:

| EXHIBIT | DESCRIPTION |
|---|---|
| A. | Index of Matters Being Filed |
| B. | Docket Sheet in the state court action |
| C. | Civil Process Request filed in the 94th Judicial District Court of Nueces County, Texas on June 6, 2019 |
| D. | Plaintiff's Original Petition filed in the 94th Judicial District Court of Nueces County, Texas on June 6, 2019 (Cause No. 2019DCV-2852-C) |
| E. | Return of Service of Allstate Texas Lloyd's Citation |
| F. | Defendant Allstate Texas Lloyd's Original Answer filed in the 94th Judicial District Court of Nueces County, Texas on July 15, 2019 |
| G. | List of Counsel of Record |

12. This Notice of Removal is being filed within 30 days of service of the citation and Plaintiff's Original Petition, and is thus timely filed under 28 U.S.C. §1446(b). There exists an actual and justiciable controversy between Plaintiff and Allstate with regard to the legal issues herein and this controversy is within the jurisdiction of this Court.

13. Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the state court action are attached to this Notice.

14. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same.

15. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the District Clerk for the 94th Judicial District Court of Nueces County, Texas promptly after filing of same.

## V. CONCLUSION

16. Allstate respectfully requests that the above-captioned action now pending in 94th Judicial District Court of Nueces County, Texas be removed to the United States District Court for the Southern District of Texas, Corpus Christi Division.

Respectfully Submitted,

*/s/ Susan E. Egeland*
W. NEIL RAMBIN
ATTORNEY-IN-CHARGE
State Bar No. 16492800
Southern District No. 5450
rambindocket@dbr.com

OF COUNSEL:
SUSAN E. EGELAND
State Bar No. 24040854
Southern District No. 1804016
susan.egeland@dbr.com
SARA E. INMAN
State Bar No. 24073098
Southern District No. 3008974
sara.inman@dbr.com
DRINKER BIDDLE & REATH LLP
1717 Main Street, Suite 5400
Dallas, Texas 75201
(469) 357-2500 (Telephone)
(469) 327-0860 (Fax)

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing document has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure on July 19, 2019.

    Noah M. Wexler
    nwexler@arnolditkin.com
    Roland Christensen
    rchristensen@arnolditkin.com
    Jake Balser
    jbalser@arnolditkin.com
    Jacob Karam
    jkaram@arnolditkin.com
    Adam Lewis
    alewis@arnolditkin.com
    e-service@arnolditkin.com
    ARNOLD & ITKIN LLP
    6009 Memorial Drive
    Houston, Texas 77007

                                              */s/ Susan E. Egeland*
                                              SUSAN E. EGELAND