UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| KENNETH STOKLEY, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:19-CV-197 |
| § | |
| ALLSTATE TEXAS LLOYDS, § | |
| § | |
| Defendant. § | |

## ORDER

Plaintiff Kenneth Stokley filed this action against Defendant Allstate Texas Lloyds to recover property insurance policy benefits for damage allegedly sustained as a result of Hurricane Harvey. Before the Court is Plaintiff's Motion to Compel Appraisal and Abate Pending Appraisal (D.E. 10), along with Defendant's response (D.E. 11) and Plaintiff's reply (D.E. 13). While the policy contains an appraisal process to resolve different opinions regarding the amount of damage sustained, Allstate complains that the provision should not be enforced because Stokley's demand for appraisal has been delayed, the delay prejudices Allstate, and by making repairs, Stokley engaged in intentional acts that waive the appraisal proceeding. For the reasons set out below, the Court GRANTS the motion.

**A. Burden of Proof**

"[M]ere delay is not enough to find waiver; a party must show that it has been prejudiced." *In re Universal Underwriters of Texas Ins. Co.*, 345 S.W.3d 404, 411 (Tex. 2011). The burden of proof for demonstrating waiver lies on Allstate as the party advancing the defense to the appraisal remedy. *Judson Post No. 2059, Veterans of*

*Foreign Wars v. Philadelphia Indem. Ins. Co.*, No. SA-18-CV-00609-XR, 2019 WL 4261126, at *5 (W.D. Tex. Sept. 9, 2019) (citing *Universal Underwriters*). "Waiver is ordinarily a question of fact, but where the facts are admitted or clearly established, it becomes a question of law." *Sanchez v. Prop. & Cas., Ins. Co. of Hartford*, No. CIV. A. H-09-1736, 2010 WL 413687, at *4 (S.D. Tex. Jan. 27, 2010) (citing *Tenneco, Inc. v. Enterprise Prods. Co.*, 925 S.W.2d 640, 643 (Tex. 1996)).

### A. The Timing of the Appraisal Demand

Allstate primarily complains of the timing of Stokley's appraisal demand. It argues that appraisal is a pre-suit remedy and that its post-suit invocation prejudices Allstate with having to incur the expense to defend the suit. Allstate also complains that Stokley intentionally delayed his request for appraisal in order to increase the pre-judgment interest that accrues on any damages award. These arguments are not compelling.

First, the appraisal provision, itself, anticipates a demand for appraisal after suit is filed.

> If this demand for appraisal is made before an action is filed against us in a court of competent jurisdiction, then the appraisal must occur before a suit can be filed against us. ***If the demand for appraisal is made after an action has been filed against us in a court of competent jurisdiction, then the parties agree to ask the court to abate the further proceeding of that action until the appraisal is completed*** and a determination of the amount of loss is made as described in Section I Conditions, Appraisal.

D.E. 10-1, p. 22 (emphasis added). Thus the expense of defense was anticipated by Allstate when formulating its policy and permitting a post-suit demand. Its remedy was

an agreement, in advance, to abate the lawsuit pending the appraisal, which limits the accrual of expenses to defend the lawsuit in the meantime. This policy language negates any argument that the demand of an appraisal is a condition precedent to litigation. *Cf. State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 894 (Tex. 2009).

Second, the policy imposes a two-year limitations provision, accelerating the time for filing a lawsuit to recover damages. D.E. 10-1, p. 22. This forces a lawsuit earlier than would otherwise be necessary under the Texas four-year breach of contract limitations period. Together with the appraisal demand provision permitting post-suit demand, Allstate should have anticipated appraisal demands more than two years after the loss.

Third, the appraisal provision allows for either party to make a demand for appraisal. D.E. 10-1, p. 21. If Allstate were concerned about mounting pre-judgment interest, it could have demanded an appraisal at any time, such as immediately after the parties reached an impasse in settlement negotiations.

The case law does not support a finding that the appraisal remedy was waived in this case. Allstate relies heavily on *In re Allstate Vehicle and Property Insurance Co.*, 549 S.W.3d 881 (Tex. App.—Fort Worth 2018) (orig. proceeding). In that case, appraisal was waived because it was not demanded until the case was ready for trial.

> Prior to invoking the appraisal provision set forth in Jackson's policy, Allstate had conducted at least six inspections of Jackson's roof; had removed the case to federal court—the federal court remanded it to state court three months later; had taken Jackson's deposition; had conducted discovery; had agreed to a February 2018 trial setting; had sought and had obtained an order from the trial court compelling a seventh

> inspection of Jackson's roof by a new Allstate expert—specifically representing to the trial court that a seventh inspection was needed for Allstate to prepare for the upcoming jury trial; and had obtained an extension of time to the expert designation deadline in order to designate the new expert conducting the seventh inspection . . . .

*Id*. at 883-84 (footnotes omitted). *See also, Jai Bhole, Inc. v. Employers Fire Ins. Co*., No. CIV.A. G-10-522, 2014 WL 50165, at *2 (S.D. Tex. Jan. 7, 2014) (finding waiver of appraisal when it was not demanded until after two mediations and attempts to obtain summary judgment on the merits of the case).

In stark contrast here, the appraisal demand was made before the Court's initial pretrial conference. In a situation where litigation proceedings have only begun, appraisal has not necessarily been waived. *See, Judson Post No. 2059,* 2019 WL 4261126, at *5 (distinguishing *In re Allstate* and *Jai Bhole, Inc.*).

> Ultimately, a court's waiver analysis must focus on the specific conduct and intent of the party seeking appraisal to evaluate whether that party's conduct was inconsistent with claiming the right to invoke the appraisal process. Although it is difficult to see how prejudice may be shown simply by a delay in requesting an appraisal after the point of impasse when an appraisal may be requested by either side, prejudice may arise not only from the delay but also from the requesting party's intentional conduct in the meantime—like conduct triggering additional expenses, conduct constituting inherent unfairness, conduct constituting purposeful manipulation of the appraisal process, and conduct giving the party requesting appraisal an unfair tactical advantage.

*Id*. Allstate has not identified any conduct other than the filing of suit that is allegedly inconsistent with Stokley's invocation of his appraisal remedy. Because filing of suit, alone, is no obstacle to enforcement of appraisal rights (as it is a recognized contingency

in the language of the appraisal clause), something more needs to be demonstrated to find waiver by conduct.

Allstate argues that the facts of this case are fully consistent with *Sanchez,* 2010 WL 413687. However, there are significant differences. In *Sanchez*, the plaintiff filed in state court and the carrier removed the case to federal court. The plaintiff had served his notice letter simultaneously with the lawsuit, prompting the carrier to seek abatement under section 541.161(a) of the Texas Insurance Code and an extension of the time to respond. The parties mediated the dispute during the period of abatement, which was unsuccessful. The carrier, not the plaintiff, then invoked the appraisal clause almost a year after Sanchez filed his claim, and after stonewalling Sanchez's efforts to adjust and settle the claim.

Here, Stokley filed in state court, prompting Allstate to remove the case to federal court. However, there was no delay associated with the Texas Insurance Code and there has been no mediation of the claims. Stokley's appraisal demand was filed approximately five months after the case was originally filed, however because there were no other proceedings intervening, Allstate has not demonstrated any plaintiff-induced delay, expense, or alternate resolution of the merits during the time the case has been pending.

The circumstances are sufficiently distinct that *Sanchez* does not compel a finding of waiver of the appraisal clause here. In fact, the cases on which the *Sanchez* opinion relies for its waiver decision involved such things as a carrier who invoked appraisal but never initiated it and a case involving a jury finding that the delay was unreasonable.

Those facts are not a part of Stokley's situation.

## B. Completed Repairs

Allstate next argues that Stokley's repair of some of the damage—the fence—has rendered appraisal impractical and prejudicial, citing *Indian Chef, Inc. v. Fire & Casualty Insurance Co. of Connecticut*, No. 02 CIV. 3401 (DLC), 2003 WL 329054, at *1 (S.D.N.Y. Feb. 13, 2003). In *Indian Chef*, the parties had disputed whether the damaged property could be cleaned and thus reclaimed or if it had to be replaced. Before invoking appraisal, the plaintiff replaced all of the damaged property and repaired the premises and was back in business. Under those circumstances, appraisal was deemed impractical.

There is no claim here that the damaged property was in need of cleaning rather than repair and replacement. And the property that has been repaired is only part of the claim. The repair of the fence does not negate the benefits to be gained by appraisal of other property damage.

## C. Causation and Coverage

Last, Allstate argues that appraisers do not have the authority to determine causation or coverage. However, as in *Johnson*, nothing in the record supports the assertion that some cause other than ordinary wear and tear and Hurricane Harvey could be responsible for any damage revealed by inspections. *See*, 290 S.W.3d at 891. And ordinary wear and tear does not render an appraisal inappropriate. *Id.* at 893. Under these circumstances, "Any appraisal necessarily includes some causation element, because setting the 'amount of loss' requires appraisers to decide between damages for which coverage is claimed from damages caused by everything else." *Id*. The appraisal,

by considering the damage dispute, does not render a coverage decision, which is reserved for the Court. *Id*.

Allstate's reliance on *Garcia v. Lloyds*, 514 S.W.3d 257, 267 (Tex. App.—San Antonio 2016, pet. denied)[1] is misplaced, as it is in full agreement with *Johnson*, which it cites throughout its discussion of the limits on the authority of appraisers.

## CONCLUSION

For these reasons, the Court GRANTS the motion, COMPELS the parties to refer the claim to appraisal, and ABATES this action pending resolution of the appraisal.

ORDERED this 18th day of October, 2019.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE

---

[1] Disapproved of on other grounds by *Barbara Techs. Corp. v. State Farm Lloyds*, No. 17-0640, 2019 WL 2710089 (Tex. June 28, 2019) (addressing the survival of a prompt payment claim after full payment of an appraisal award).